# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONNISH GUPTA**, | : | CIVIL ACTION NO. 1:10-CV-1240 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **ERIC HOLDER, et al.**, | : | |
| Respondents | : | |

## MEMORANDUM

Ronnish Gupta ("petitioner"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), incarcerated at the York County Prison, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, on June 14, 2010. (Doc. 1). He subsequently supplemented the petition. (Doc. 5.) He has paid the requisite filing fee. (Doc. 4) Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.1(b) (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court), and, for the reasons set forth below, it is concluded that the petition for writ of habeas corpus will be denied.

## I. Background

Petitioner, a native and citizen of India, is presently in removal proceedings. (Doc. 1, at 2, ¶ 6). He entered the United States as a lawful permanent resident on or about July 22, 1980. (Doc. 1, at 3, ¶ 11.) ICE lodged a detainer against him on or about March 3, 2009, indicating that he was subject to removal pursuant to Section

237(a)(2)(A)(iii) of the INA for conviction of an aggravated felony.  (Id.)  He was taken into ICE custody on January 8, 2010.  His request for relief from removal based on derivative citizenship was denied and he was ordered removed to India on May 10, 2010.  (Doc. 1, at 2, ¶ 6.)   His request to reopen his case based on new evidence was subsequently denied.  (Id. at 4, ¶ 18.)  "Petitioner is currently on appeal with the Board of Immigration Appeals."  (Id.)  He filed the instant petition on June 14, 2010, seeking release from ICE custody "because such custody is in violation of the Constitution, laws or treaties of the United States."  (Doc. 1, at 2, ¶ 3.)

## II.    Discussion

The apprehension and detention of aliens, pending removal decisions, are governed by § 236 of INA, 8 U.S.C. § 1226.  Section 1226(c)(1)(B), instructs the Attorney General to take into custody and detain any alien who is deportable by reason of having committed any offense covered in section 8 U.S.C. § 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D).  In Demore v. Kim, 538 U.S. 510 (2003), the Supreme Court found that mandatory pre-order detention under § 1226(c) does not violate the protections guaranteed under the Constitution.  In Demore, a lawful permanent resident filed a habeas petition challenging the no-bail provision of § 1226(c), pursuant to which he had been held for six months during the pendency of removal proceedings against him. The Supreme Court held that detention of lawful permanent residents during removal proceedings is constitutionally

permissible even where there has been no finding that they are unlikely to appear for their deportation proceedings. See id. at 524-529.

Because petitioner is subject to removal due to the commission of an aggravated felony as defined in section 101(a)(43)(J) of the Immigration and Nationality Act, his detention is mandatory pursuant to § 1226(c). However, this Court recognizes that the Demore court repeatedly qualified its holding by noting that mandatory detention is constitutionally permissible for the "brief," id. at 513, 523, "limited," id. at 526, 529 n. 12, 531 and "temporary," id. at 531, period necessary for removal proceedings. Although prolonged detention serves the statutory purpose of guaranteeing an alien's presence at removal proceedings, it does not satisfy the expectation that such proceedings will be conducted in an expeditious manner. Ly, 351 F.3d at 269; see also Patel v. Zemski, 275 F.3d 299, 304 (3d Cir. 2001), overruled on other grounds by Demore, 538 U.S. at 516 (noting "[t]he current immigration laws reflect part of a growing effort by Congress to expedite the removal of criminal aliens"). Petitioner has been in ICE custody for less than six months and there is no indication of delay or stalling on the part of ICE and the matter is moving forward at an acceptable pace. Detention is therefore both mandatory and constitutionally permissible. Consequently, the petition will be denied.

An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: June 28, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONNISH GUPTA,** | : | CIVIL ACTION NO. 1:10-CV-1240 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **ERIC HOLDER, et al.,** | : | |
| Respondents | : | |

## **ORDER**

AND NOW, this 28th day of June 2010, in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DENIED.

2. The Clerk of Court is directed to CLOSE this case.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge